# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMELIA M. GRECO, as Trustee of Revocable Trust Agreement dated January 8, 2004, | : : : | No. 3:11cv383 |
| | : | (Judge Munley) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD A. WECH, individually and in his capacity as Code Enforcement Officer of the City of Hazleton, Pennsylvania and THE CITY OF HAZLETON, PENNSYLVANIA, | : : : : : : : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM and ORDER**

Before the court for disposition is defendants' motion in limine to preclude plaintiff from presenting into evidence certain photographs. The matter has been briefed and is ripe for decision.

**Background**

The facts pertinent to the instant motion in limine are generally undisputed. Plaintiff owned certain property in the City of Hazleton, Pennsylvania. She asserts that defendants conspired to cite the property for code violations with the intent of acquiring the property and depriving her of her constitutional rights. Plaintiff asserts that the property was cited hundreds of times for alleged code violations. Plaintiff was forced to demolish the property, and its economic value was eviscerated. Plaintiff's

complaint claims violations of substantive and procedural due process. Plaintiff alleges that defendants actions were arbitrary, capricious and irrational. Further, she avers that the actions were taken without prior notice, benefit of a hearing or pursuant to appropriate and statutorily established procedures.

During discovery, defendant took the deposition of Angelo Greco, a duly authorized representative of plaintiff. Greco provided details of an investigation he undertook with his brother Michael Greco pertainingto other properties in Hazleton that may have been in violation of Hazleton's building codes and ordinances. Plaintiff plans on calling these two witnesses at trial. (Doc. 32, Pl.'s Br. at 6).

Defendants filed the instant motion in limine to preclude plaintiff from presenting at trial the pictures of other buildings in Hazleton that are allegedly in violation of Hazleton's building codes and ordinances. Defendants' position is that an expert witness is needed to establish that the buildings in the pictures are in fact in violation of the codes. Plaintiff does not have such an expert, therefore, the pictures should not be presented at trial according to the defendants. Plaintiff alleges that the testimony of Angelo and Michael Greco is sufficient to support the admission of the pictures. After a careful review, we agree with plaintiff.

**Discussion**

Lay witness opinion evidence is provided for in the Federal Rules of Evidence as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701.

Plaintiff's complaint avers as follows:

> At all times relevant hereto, there existed and continues to exist a number of properties within the City of Hazleton, Pennsylvania, properties which clearly exhibit an appearance of dilapidation to such an egregious extent that it is clear from the appearance of said properties, that they are in violation of the Uniform Construction Code, the International Property Maintenance Code 2006, the International Property Maintenance Code 2009; the 2009 International Existing Building Code; the 2009 International Building Code; the 2009 International Fire Code and/or local ordinances.

(Doc. 1, Compl. ¶ 11).

At his deposition, Angelo Greco presented the pictures at issue and reviewed them with opposing counsel. (Doc. 27-1, Photographs, Doc. 32-1, Angelo Greco Dep. at 105-122). Angelo Greco and his brother Michael Greco performed the investigation into these buildings and will evidently testify at trial. They will be able to testify as to why they believe code violations are present in the buildings. For example, one building evidently has a broken window, broken garage door, stairs in disrepair and several windows missing. (Doc. 32-1, Angelo Greco Dep. at 105). This testimony is rationally based on the witness's perception and will be helpful for the jury to understand the witness's testimony. See FED. R. EVID. 701. It appears, at this time, that no expert is needed to explain the subject to the jury. Defendants could vigorously cross-examine the witnesses on this

matter regarding whether they know if the owners of these buildings were ever cited for code violations.    Defendants would also be able to argue to the jury the appropriate weight that should be given to this evidence.

     We find, however, that this evidence may best be ruled upon once the trial has started and the court can examine the photographs in the context of the case as a whole.  Accordingly, the defendants' motion in limine (Doc. 27) is hereby **DENIED** without prejudice to the defendants raising the issue again at trial.


**Date: 4/12/13**                                **BY THE COURT:**

                                                 **s/ James M. Munley**
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **United States District Court**